UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60168-CIV-COHN/SELTZER

CHARLES OSTANE, on his own behalf and
on behalf of others similarly situated,

    Plaintiff,
v.

JIM WRIGHT MARINE CONSTRUCTION, INC.,
a Florida corporation, and JAMES WRIGHT,
individually,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM FINAL DEFAULT JUDGMENT

**THIS MATTER** is before the Court on the Defendants' Motion for Relief from Final Default Judgment and Motion to Quash Service of Process [DE 21] ("Motion"). The Court has considered the Motion, Plaintiffs' Response [DE 24] the record in this case and is otherwise advised in the premises.[1]

### I. BACKGROUND

This action involves claims for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") by Plaintiff Charles Ostane and Opt-In Plaintiffs Pierre Louis and Elisaint Cilis. The Complaint was filed on February 4, 2010. Louis opted into this action on February 16, 2010, and Cilis opted into this action on March 4, 2010.

Plaintiffs effected service on Defendant James Wright ("Defendant Wright")[2] on

---

[1] Defendants did not file a reply and the deadline for filing such a reply has now passed.

[2] As discussed herein, the Motion explains that Mr. Wright's correct name is Jimmy Wright.

February 15, 2010 by substitute service on an individual who identified herself as his sister. See DE 8. On March 15, 2010, Plaintiffs effected service on Defendant Jim Wright Marine Construction, Inc. (the "Defendant Company"). See DE 14. Defendants failed to respond to the Complaint within the time provided by the Federal Rules of Civil Procedure. As a result, the clerk entered a default as to Defendant Wright on March 17, 2010 See DE 13. Then on April 9, 2010 the clerk entered a default as to the Defendant Company. See DE 17.

On April 30, 2010, the Court entered a Final Default Judgment against both Defendants. See DE 19. The Court's Order awarded a total judgment of $42,740 in favor of Plaintiffs and against Defendants. See id.[3] In addition to service of process, Defendants were sent copies of several Court Orders and filings throughout the proceedings. For example, Plaintiffs represent that they mailed Defendants copies of their motions for final default judgment on April 8, 2010 and April 12, 2010. In addition, the Court mailed Defendants copies of the Final Default Judgment when it was issued on April 30, 2010, and the Plaintiffs' Response represents that Plaintiffs' counsel also sent Defendants copies of the Final Default Judgment on May 3, 2010. See DE 24 at 2.

The first appearance on behalf of Defendants was not entered until June 1, 2010. See DE 20. On June 8, 2010, the instant Motion was filed seeking relief from the Court's Final Default Judgment. Specifically, Defendants argue that relief is

---

[3] The Final Default Judgment directed that Plaintiffs Ostane, Louis and Cilis are to recover $13,650, $12,600 and $13,650, respectively from the Defendants. Id. In addition, the Order awarded Plaintiffs' counsel $2,840 in costs and fees. Id.

warranted because (1) service of process was improper with respect to Defendant Wright, and (2) Defendants can demonstrate "excusable neglect" for failure to respond and a manifest injustice would occur if the Final Default Judgment is upheld.

## II. ANALYSIS

It is well-established that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." Florida Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993); accord In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003). Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." The standard for setting aside an entry of default and the standard for setting aside an entry of default judgment are different from one another. Courts apply an "excusable neglect" standard in evaluating whether or not to set aside a default judgment, but this standard is more rigorous than the "good cause" standard applied in setting aside an entry of default. Equal Employment Opportunity Commission v. Mike Smith Pontiac GMC, 896 F.2d 524, 528 (11th Cir. 1990). In this case, a Final Default Judgment has been entered against both Defendants, so the Court proceeds under the more rigorous standard of Rule 60(b).

Pursuant to Rule 60(b), a court may relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). Here, Defendant Wright seeks relief under Rule 60(b)(4), i.e., the judgment is

void because of improper service of process, and both Defendants seek relief under Rule 60(b)(1).

### 1. Service of Process

The Motion argues that "Plaintiff used an incorrect and non-legal name to serve the individual owner, Jimmy Wright. Plaintiffs used the name 'James Wright' which a quick search on Sunbiz would reveal is the incorrect name for the individual [Defendant]." DE 21 at 1. Plaintiffs contend that the mistake was a mere misnomer and provides no basis for this Court to vacate its judgment. See DE 24 at 8.

If service of process is insufficient, a court lacks personal jurisdiction and has no power to render a judgment, thereby making a judgment void. Thus, courts interpret motions to set aside default judgments on insufficiency of service grounds pursuant to subsection four of Rule 60(b), which pertains to void judgments. See In Re: Worldwide Web Systems, Inc., 328 F.3d 1291, 1299 (11th Cir. 2003) ("where service of process is insufficient, the court has no power to render judgment and the judgment is void"); Varnes v. Local 91, 674 F.2d 1365 (11th Cir. 1982) (holding that judgment was void because amended complaint was never served).

Application of subdivision (4) is significantly different than application of the other five subdivisions of Rule 60(b). For subdivisions (1), (2), (3), (5), and (6) of the rule, trial courts have broad discretion when considering motions to set aside default judgments. In re Brackett, 243 B.R. 910, 914 n.7 (Bankr. N.D. Ga. 2000). In contrast, when considering a Rule 60(b)(4) motion, trial courts lack discretion since the inquiry ends when a judgment is void. Id. Thus, when considering a Rule 60(b)(4) motion, no proof is required that a defaulting party has a meritorious defense or that the party will not be

4

prejudiced by having the judgment set aside. Id. Additionally, the burden of proof when a defaulting party attacks a default judgment on insufficiency of process grounds lies with the party raising the challenge. Id. at 914.

Defendant Wright fails to carry his burden of proving that he was not properly served and that the default judgment is void pursuant to Federal Rule of Civil Procedure 60(b)(4). "[A] mere misnomer, in the absence of actual confusion, is immaterial" in determining whether service was proper. De Vos & Co. v. Gabe Corp., Case No. 90-1490-CIV, 1991 U.S. Dist. LEXIS 11454, at *5 (S.D. Fla. Aug. 12, 1991). In De Vos, Judge Paine found that "[m]isnomer mistakes need not be treated as grounds for dismissal if intelligent persons can understand what was intended, or if the party intended to be served knows, or has good reason to know, that he has been proceeded against, or where an imprecisely designated defendant was fully apprised of the fact and nature of the action against it." Id. (internal quotations and citation omitted); see also Diaz v. Shallbetter, 984 F.2d 850, 856 (7th Cir.1993) (explaining that the law "does not care whether the complaint gets the defendant's name right" so long as "the right person receives service promptly").

The Motion never makes the argument that Defendant Wright was confused as to whether or not he was being sued. Nor could Defendants credibly make this argument given the fact that Mr. Wright's company, Jim Wright Marine Construction, Inc., was also named as a Defendant. Accordingly, the Court finds the fact that the Plaintiffs used the name "James" as opposed to "Jimmy" is immaterial. Therefore, the Court concludes that the entry of final default judgment was proper, rather than void under Rule 60(b)(4). As such, the Court will not set it aside.

### 2. Excusable Neglect

"To establish . . . excusable neglect under Rule 60(b)(1), a defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." In re Worldwide Web Sys., 328 F.3d at 1295 (quotation marks omitted). "The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 934 (11th Cir. 2007). Defendants argue they have met this standard for several reasons.

First, Defendants argue that the judgment is "excessive and disproportionate" because the Defendants possessed a number of meritorious defenses. Specifically, the Motion argues as follows:

> The evidence presented by the Defendants to the undersigned counsel, shows: (1) that there will be no "enterprise coverage" here as the Defendants do not have an annual dollar volume of sales or business of at least $500,000.00; (2) the Plaintiffs [who were laborers working solely within Florida with tools purchased in-state] were not involved in interstate commerce in any way warranting coverage under the FLSA under "individual coverage"; and (3) even if the Court finds that there is "individual coverage" in this matter, the Plaintiffs did not work over forty (40) hours in any work week warranting any overtime compensation damages or otherwise.

DE 21 at 4. Plaintiffs point out that "Defendants provided no evidence (even in the form of an affidavit) to support these so-called defenses" and argue that "a general denial of Plaintiffs' claims is not sufficient to demonstrate a meritorious defense." DE 24 at 7. The Court agrees. See SEC v. Simmons, 241 Fed. App'x 660, 664 (11th Cir. 2007) ("A

6

general denial of the plaintiff's claims contained in an answer or another pleading is not sufficient.") (citations omitted).  Although forcefully written, the paragraph above represents the entirety of Defendants' presentation of their meritorious defenses.  The paragraph contains little in the way of specifics and it is not supported by any exhibits.  Therefore, the Court finds that Defendants have failed to make the "affirmative showing" necessary to establish a meritorious defense.  Worldwide, 328 F.3d at 1296 (explaining that "in order to establish a meritorious defense, the moving party 'must make an affirmative showing of a defense that is likely to be successful.'") (quoting Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., 803 F.2d 1130, 1133 (11th Cir. 1986)).

Second, the Motion sets forth two reasons why Defendants chose not to respond to the Complaint.  "The individual Defendant, Jimmy Wright, during the relevant period of time that the Complaint went unanswered, was dealing with a serious illness of his girlfriend and mother of his children . . . ." DE 21 at 5.  The Motion represents that the illness required two surgeries and numerous hospital visits.  Id.  "In addition to focusing on Ms. Butler's ongoing health issues, the individual Defendant, Jimmy Wright, honestly believed that the case had no merit but did not understand much of the legal documents and procedure.  He incorrectly believed that a response was not warranted to this frivolous lawsuit."  Id.

Plaintiffs argue that "[w]hile Plaintiffs regret that Defendant, Jim Wright, was experiencing the illness of a loved one, even that is not a basis for ignoring this Court's rules, and does not qualify as an extraordinary circumstance warranting the setting aside of the judgment."  DE 24 at 7.  The case law supports Plaintiffs' position.  Abbey

v. Mercedes-Benz of North America, Inc., No. 04-cv-80136, 2007 WL 879581, at *1 (S.D. Fla. Mar. 20, 2007) ("'[I]llness alone is not a sufficient basis for setting aside a judgment' under the first subdivision of [Rule 60(b)]. Should illness prevent compliance with an order or deadline, the party should at least bring illness to the attention of the court in a timely manner.") (quoting Carrcello v. TJX Cos., 192 F.R.D. 61, 64 (D. Conn. 2000)); Richardson v. Shilfbaun, No. 06-cv-0171, 2008 WL 686236, at * 1 (N.D. Ga. Mar. 7, 2008) (same). Accordingly, the Court finds that the illness suffered by Mr. Wright's girlfriend does not establish excusable neglect, particularly where the illness was not brought to the Court's attention until after the Final Default Judgment was entered.

Further, no weight is given to the fact that Mr. Wright incorrectly concluded that a response was not necessary because Wright believed the case lacked merit. The summons served on Defendant Wright clearly states "[i]f you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint." DE 3-1.

In light of the foregoing, the Court concludes that a manifest injustice will not result if the Final Default Judgment rendered against Defendants stands. Defendant Wright was served with the Complaint on February 15, 2010 and Defendants received copies of Plaintiffs' motions seeking default and the Final Default Judgment. Despite such notice, Defendants did not advise this Court of Mr. Wright's girlfriend's illness nor their belief that the case lacked merit. Instead, the Court did not hear anything from the Defendants until June 8, 2010 after the entry of the Final Default Judgment. Therefore, the Court finds that Defendants' decision to ignore these proceedings was intentional

and Defendants have failed to establish excusable neglect.  See Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951-52 (11th Cir. 1996) (stating that "if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief").

### III.  CONCLUSION

Based on the above reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion for Relief from Final Default Judgment and Motion to Quash Service of Process [DE 21] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 24th day of August, 2010.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record